UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

YAOXIAO LI,
*on behalf of herself and others similarly situated*,

                Plaintiff(s),

vs.

REGENCY HEALTH CARE, INC., d/b/a Regency Healthcare Inc. d/b/a The Regency of Boro Park L.H.C.S.A., MARK MOSKOWITZ, ETHAN MOSKOWITZ, and ERIKA TOLEDO,

                Defendants.

Case No.: 22-cv- 2850

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1331, 1367, 1441 and 1446, Defendants Regency Health Care, Inc., ("Regency"), Mark Moskowitz ("M. Moskowitz"), Ethan Moskowitz ("E. Moskowitz"), and Erika Toledo ("Toledo") (collectively, "Defendants") hereby give notice of the removal of the action identified as *Yaoxiao Li v. Regency Health Care, Inc., et al*, Index No. 650078/2021, removing this case from the Supreme Court of the State of New York, New York County (the "State Court Action"). This action is being removed to this Court based upon federal question jurisdiction under 28 U.S.C. § 1331.

### BACKGROUND

1. On or about December 30, 2021, Plaintiff Yaoxiao Li ("Plaintiff") commenced the State Court Action by filing a Complaint in the Supreme Court of the State of New York, New York County, Index No. 650078/2021.

2. The Complaint purports to state claims for failure to pay wages and other violations of the New York Labor Law ("NYLL"), N.Y. Lab. L. §§ 190 *et seq*., 650 *et seq*., and also the Fair

Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.* The claims are asserted by Plaintiff on behalf of herself and purportedly other similarly situated employees. *See* Exhibit 1 (Summons and Complaint with Exhibits thereto).

3. Defendants deny any and all liability for the claims and reserve their right to raise any and all defenses at a later date.

## GROUNDS FOR REMOVAL

4. Pursuant to 28 U.S.C. § 1331, this Court has original jurisdiction of civil action arising under the Constitution, laws or treaties of the United States. Further, under 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or defendants, to the district court of the United States for the district and division embracing the place where such action is pending."

5. When a separate and independent cause of action within the jurisdiction conferred by Section 1331 is joined with one or more otherwise non-removable causes of action, the entire case may be removed. 28 U.S.C. §§ 1367(a), 1441(c).[1]

6. Removal of this action is appropriate because Plaintiff alleges multiple causes of action under the laws of the United States; namely, causes of action under 29 U.S.C. §§ 206(a), 207(a)(1) of the FLSA. Complaint, ¶¶ 63-68, 76-80. She also asserts four causes of action for various alleged violations of the NYLL. *Id.*, ¶¶ 57-62, 69-75, 81-102.

## TIMELINESS OF REMOVAL

7. Defendants were served with the Summons and Complaint on March 18, 2022. *See* Exhibit 2 (Affidavits of Service). As such, this Notice of Removal is timely filed in accordance with 28 U.S.C. §§ 1446(b)(1), because this notice has been filed within 30 days of Defendants' receipt of the Complaint.

---

[1] Although Defendants believe all further proceedings should be before a federal court, Defendants do not waive any defense related to whether Defendants are subject to the FLSA.

**ALL OTHER PREREQUISITES FOR REMOVAL ARE MET**

8. Removal to the United States District Court for the Southern District of New York is proper because the action is pending in the Supreme Court of the State of New York, New York County, which is located in the Southern District of New York. 28 U.S.C. §§ 112(b), 1441(a).

9. The events alleged by Plaintiff giving rise to the FLSA claims allegedly occurred in New York County, New York, which is within this Court's district. *See* Complaint, ¶ 5. Accordingly, venue is proper in the United States District Court for the Southern District of New York.

10. 28 U.S.C. § 1446(a) requires a copy of all process, pleadings, and orders served upon Defendants in the State Court Action to be included with this Notice of Removal. Attached hereto as Exhibit 1 is the Summons and Complaint; attached hereto as Exhibit 2 are the Affidavits of Service filed by Plaintiff regarding service on each of the Defendants; attached hereto as Exhibit 3 is the Notice of Appearance filed in the State Court Action by Defendants' counsel. Upon Defendants' information and belief, no other pleadings have been filed and no orders have been entered in the State Court Action. Defendants have not served an Answer or responsive pleading to the Complaint.

11. Defendants will file a copy of this Notice of Removal with the clerk of the Supreme Court of the State of New York, New York County, and will promptly serve a copy on Plaintiff, as required by 28 U.S.C. § 1446(d).

12. By removing the action to this Court, Defendants do not waive any defenses, objections, or motions available to them under state or federal law.

**CONCLUSION**

13. For the foregoing reasons, Defendants hereby remove this action, Index No. 650087/2021, currently pending in the Supreme Court of the State of New York, New York County,

to this Court.

Dated: April 6, 2022

                                        **FORDHARRISON LLP**

                                   By: /s/ Andrew T. Williamson_____
                                            Andrew T. Williamson
                                            366 Madison Avenue, 7th Floor
                                            New York, New York 10017
                                            (212) 453-5937
                                            *Attorneys for Defendants*

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 6th day of April, 2022, I served a copy of the foregoing Defendants' Notice of Removal, with exhibits thereto, via Federal Express overnight delivery, upon the following:

TROY LAW, PLLC
John Troy, Esq.
41-25 Kissena Boulevard, Suite 103
Flushing, New York 11355
(718) 762-1324
troylaw@troypllc.com
*Attorneys for Plaintiff Yaoxiao Li*

Catherine Ozone