EXHIBIT 1

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

-----------------------------------------------------------------x

YAOXIAO LI,                                           Case No.

*on behalf of herself and others similarly situated,*

                                    Plaintiff,        **SUMMONS**

                        v.

REGENCY HEALTH CARE INC.
        d/b/a Regency Healthcare Inc
        d/b/a The Regency of Boro Park L.H.C.S.A.,
MARK MOSKOWITZ,
ETHAN MOSKOWITZ, and
ERIKA TOLEDO,

                                    Defendants.

-----------------------------------------------------------------x

**To the above-named Defendants**:

**REGENCY HEALTH CARE INC. d/b/a Regency Healthcare Inc d/b/a The Regency of Boro Park L.H.C.S.A.**
728 5th Avenue Brooklyn, NY 11232

**MARK MOSKOWITZ**
728 5th Avenue Brooklyn, NY 11232

**ETHAN MOSKOWITZ**
728 5th Avenue Brooklyn, NY 11232

**ERIKA TOLEDO**
728 5th Avenue Brooklyn, NY 11232

        You are hereby summoned to answer the complaint in this action and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance, on the Plaintiff's attorney within 20 days after the service of this summons, exclusive of the day of service (or within 30 days after the service is complete if this summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

        The basis of venue is CPLR § 503.

Dated: Flushing, NY
        January 6, 2022

                                TROY LAW, PLLC
                                *Attorneys for Plaintiff and proposed FLSA Collective*

/s/ John Troy

John Troy

Aaron B. Schweitzer

Tiffany Troy

41-25 Kissena Boulevard

Suite 103

Flushing, NY 11355

(718) 762-1324

troylaw@troypllc.com

*Attorneys for Plaintiff, proposed Collective, and proposed Class*

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

-----------------------------------------------------------------x

YAOXIAO LI,
*on behalf of herself and others similarly situated,*

        Plaintiff,

       v.

REGENCY HEALTH CARE INC.
   d/b/a Regency Healthcare Inc
   d/b/a The Regency of Boro Park L.H.C.S.A.,
MARK MOSKOWITZ,
ETHAN MOSKOWITZ, and
ERIKA TOLEDO,

        Defendants.

-----------------------------------------------------------------x

**Case No.**

**29 U.S.C. § 216(b) COLLECTIVE
ACTION & C.P.L.R. § 902
CLASS ACTION**

**<u>COMPLAINT</u>**

**JURY TRIAL DEMANDED**

Plaintiff Yaoxiao Li (hereinafter "Li"), on behalf of herself and others similarly situated, by and through her attorneys, Troy Law, PLLC, hereby brings this Complaint against Defendants Regency Health Care Inc. d/b/a Regency Healthcare Inc d/b/a The Regency of Boro Park L.H.C.S.A. (hereinafter the "Corporate Defendant"), Mark Moskowitz, Ethan Moskowitz, and Erika Toledo (hereinafter the "Individual Defendants") (hereinafter collectively with the Corporate Defendant, the "Defendants"), and alleges as follows:

<u>**INTRODUCTION**</u>

1.    Li brings this action on behalf of herself and other similarly situated employees against Defendants for violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.*, and of the New York Labor Law ("NYLL"), N.Y. Lab. L. §§ 190 *et seq.*, 650 *et seq.*, arising from Defendants' various willful, malicious, and unlawful employment policies, patterns, and/or practices.

2.    Li alleges pursuant to FLSA that she is entitled to recover from the Defendants: (1) unpaid minimum wages, (2) liquidated damages, (3) unreimbursed expenses, (4) prejudgment and postjudgment interest, and/or (5) reasonable attorneys' fees and costs.

Case 1:22-cv-02850-AT   Document 1-1   Filed 04/06/22   Page 5 of 29

3.      Li further alleges pursuant to NYLL and Section 142 of Title 12 of the New York Codes, Rules, and Regulations (the "Wage Order") that she is entitled to recover from the Defendants: (1) untimely-paid wages, (2) unpaid minimum wages, (3) unpaid overtime, (4) liquidated damages, (5) penalties for failure to provide a wage notice at time of hire, (6) penalties for failure to provide accurate wage statements with each payment of wages, (7) prejudgment and postjudgment interest, and (8) reasonable attorneys' fees and costs.

## JURISDICTION AND VENUE

4.      This Court has subject-matter jurisdiction over this controversy under the Constitution of the State of New York.

5.      Venue is proper in New York County because Defendants conduct business in New York County, and because the acts and omissions giving rise to the claims alleged herein took place within New York County.

## PLAINTIFF

6.      Li was employed by the Defendants from on or about August 1, 2020 through on or about April 30, 2021 to work as a home health aide.

## DEFENDANTS

### CORPORATE DEFENDANT

7.      Corporate Defendant is a domestic business corporation with a registered address for service of process at 728 5th Avenue, Brooklyn, NY 11232, a principal executive office at 5110 19th Avenue, Brooklyn, NY 11204, and principal places of business at: 728 5th Avenue, Brooklyn, NY 11232; 2825 3rd Avenue, Bronx, NY 10455; and 118-35 Queens Boulevard, Suite 400, Forest Hills, NY 11375.

8.      Corporate Defendant was during the period relevant to this lawsuit a business with gross annual revenue in excess of $500,000.00 per year.

GDass                                    2                              Complaint

9.      Corporate Defendant is a business engaged in interstate or foreign commerce.

**INDIVIDUAL DEFENDANTS**

10.     Mark Moskowitz is an owner and the Chief Executive Officer of the Corporate Defendant, and in that capacity had the power to hire and fire employees, supervised and controlled employee work schedules and conditions of employment, determined employees' rates and methods of payment, and maintained employee records for Corporate Defendant.

11.     Mark Moskowitz acted intentionally and maliciously and is an employer within the meaning of the FLSA and NYLL, and is jointly and severally liable with Corporate Defendant.

12.     Ethan Moskowitz is the Administrator of the Corporate Defendant, and in that capacity had the power to hire and fire employees, supervised and controlled employee work schedules and conditions of employment, determined employees' rates and methods of payment, and maintained employee records for Corporate Defendant.

13.     Ethan Moskowitz acted intentionally and maliciously and is an employer within the meaning of the FLSA and NYLL, and is jointly and severally liable with Corporate Defendant.

14.     Erika Toledo is the Coordinator of the Corporate Defendant, and in that capacity had the power to hire and fire employees, supervised and controlled employee work schedules and conditions of employment, determined employees' rates and methods of payment, and maintained employee records for Corporate Defendant.

15.     Erika Toledo acted intentionally and maliciously and is an employer within the meaning of the FLSA and NYLL, and is jointly and severally liable with Corporate Defendant.

**STATEMENT OF FACTS**

16.     Li was employed by Defendants from on or about August 1, 2020 through on or about April 30, 2021 to work as a home health aide.

GDass                                    3                              Complaint

17.     At the time she was hired, Li was not given a wage notice, either in English or in her primary language of Chinese, that included all of the following information: her rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any 'doing business as' names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer.

18.     Li was not given such a wage notice at any time during her employment after her hiring.

19.     Li's duties were to provide elder care to Oi Chun Zee at the patient's home in Manhattan, including, but not limited to: bathing (in the tub, shower, and bed); dressing; toileting; walking assistance; changing bed linen; laundry; and safety monitoring.

20.     Li was regularly scheduled to work forty-eight (48) hours per week: from 20:00 hours (8:00 PM) through 08:00 hours (8:00 AM) the next day, Mondays through Thursdays.

21.     Li's workweek ran from Saturday through Friday.

22.     Li frequently worked more hours than she was scheduled, including but not limited to the week beginning April 17, 2021 and ending April 23, 2021, when she worked 48 hours and 18 minutes: from 20:00 hours (8:00 PM) on Monday April 19, 2021 through 08:00 hours (8:00 AM) on Tuesday April 20, 2021; from 19:52 hours (7:52 PM) on Tuesday April 20, 2021 through 07:59 hours (7:59 AM) on Wednesday April 21, 2021; from 19:48 hours (7:48 PM) on Wednesday April 21, 2021 through 07:56 hours (7:56 AM) on Thursday April 22, 2021; and from 19:52 hours (7:52 PM) on Thursday April 22, 2021 through 07:55 hours (7:55 AM) on Friday April 23, 2021.

23.     Li was paid a weekly salary of $825.00 per week from on or about August 1, 2020 through on or about December 18, 2020.

24.     Li was paid a weekly salary of $920.44 from December 19, 2020 through February 26, 2021, except the weeks: beginning December 26, 2020 and ending January 1, 2021, when she was paid $1,295.44; and beginning January 30, 2021 and February 5, 2021, when she worked three days rather than her usual four and was paid $570.00.

25.     Li was paid a weekly salary of $828.60 from February 27, 2021 through March 26, 2021.

26.     Li was paid $375.00 for the week beginning March 27, 2021 and ending April 2, 2021, during which she worked two days rather than her usual four.

27.     Li was paid $570.00 for the week beginning April 3, 2021 and ending April 9, 2021, during which she worked three days rather than her usual four.

28.     Li did not work the week beginning April 10, 2021 and ending April 16, 2021 and accordingly was not paid for this time.

29.     Li worked the days and hours set forth above the week beginning April 17, 2021 and ending April 23, 2021, but was not paid for this week.

30.     Li worked her regular schedule the week beginning April 24, 2021 and ending April 30, 2021, but was not paid for this week.

31.     Li's weekly salaries did not include pay for overtime or spread of time, despite working eight (8) or more hours of overtime each week and despite working a spread of time longer than ten (10) hours four (4) days per week.

32.     Li was paid by check, accompanied by a paystub that falsely set forth her working time as exactly 48 hours every week, falsely set forth her salary as being due to being paid a wage

Case 1:22-cv-02850-AT   Document 1-1   Filed 04/06/22   Page 9 of 29

of $15.30 per hour for the first 40 hours of work, an overtime wage that varied between $22.95 per hour ($15.30 per hour * 1.5), $22.50 per hour (<$15.30 per hour * 1.5) (as in the weeks beginning October 3, 2020, October 24, 2020, and November 11, 2020), and $34.43 per hour (>$15.30 per hour * 1.5) (as in the weeks beginning December 19, 2020, December 26, 2020, January 2, 2021, January 9, 2021, January 16, 2021, January 23, 2021, February 6, 2021, February 13, 2021, and February 20, 2021), and a fudge factor between $0.00 and $33.00 (most commonly $29.40) falsely labeled "spread of hours" but precisely tuned each week to yield Defendants' desired weekly salary notwithstanding the smokescreen that was the calculated hourly wages.

33.     Accordingly, Defendants failed to provide Li a wage statement with each payment of wages accurately listing the following: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; and net wages.

34.     Defendants committed the foregoing acts knowingly, intentionally, willfully, and maliciously against Li, the Collective, and the Class.

## COLLECTIVE ALLEGATIONS

35.     Li brings this action individually and on behalf of all other current and former non-exempt workers employed by Defendants over the three years preceding the filing of this Complaint, through entry of judgment in this case (the "Collective").

## CLASS ALLEGATIONS

36.     Li brings her state-law claims as a class action pursuant to Rule 902 of the Civil Practice Law and Rules, on behalf of all other current and former non-exempt workers employed by Defendants over the six years preceding the filing of this Complaint, through entry of judgment in this case (the "Class").

37.    The Class members are readily ascertainable. The Class members' number, names, addresses, positions held, hours assigned and worked, and rates of pay are determinable from Defendants' records. Notice can be provided by means permissible under Rule 902.

**NUMEROSITY**

38.    The Class is so numerous that joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court.

39.    Although the precise number of such persons is unknown, and the facts on which the calculation of the precise number are presently within the sole control of Defendants, upon information and belief, there are more than 40 members of the Class.

**COMMONALITY**

40.    There are questions of law and fact common to the Class which predominate over any questions affecting individual members, including: (1) whether Defendants employed the Class members within the meaning of New York law; (2) whether the Class members were paid less than the minimum wage at any point during their employments; (3) whether the Class members were paid overtime; (4) whether the Class members were paid an extra hour's pay at the minimum wage for each day their spread of time exceeded 10 hours; (5) whether the Class members were provided with wage notices adequate under Section 195.1 of the NYLL; (6) whether the Class members were provided with wage statements adequate under Section 195.3 of the NYLL; and (7) at what common rate, or rates subject to common method of calculation, were and are Defendants required to pay Class members?

**TYPICALITY**

41.    Li's claims are typical of those claims which could be alleged by any Class member, and the relief sought is typical of the relief that would be sought by any Class member in a separate action.

GDass                                              7                                         Complaint

42.     All the Class members were subject to the same policy and practice of denying timely wages, minimum wages, overtime, and spread of time.

43.     Defendants' policy and practice affected all Class members similarly, and Defendants benefitted from the same type of unfair and/or wrongful acts as to each Class member.

44.     Li and the other Class members sustained similar losses, injuries, and damages arising from the same unlawful policy and practice.

**ADEQUACY**

45.     Li is fairly and adequately able to protect the interests of the Class and has no interests antagonistic to the Class.

46.     Li is represented by attorneys who are experienced and competent in representing plaintiffs in both class actions and wage-and-hour employment litigations.

**SUPERIORITY**

47.     A class action is superior to other available methods for the fair and efficient adjudication of the controversy, particularly in the context of wage-and-hour litigation where individual Class members lack the financial resources to vigorously prosecute a lawsuit against a corporate defendant.

48.     Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently and without the unnecessary duplication of efforts and expenses that numerous individual actions engender.

49.     Because the losses, injuries and damages suffered by each of the individual Class members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class members to redress the wrongs done to them.

GDass                                8                              Complaint

50. Further, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs.

51. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendants and resulting in the impairment of Class members' rights and the disposition of their interests through actions to which they were not parties.

52. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

53. Upon information and belief, Defendants and other employers throughout the state violate the New York Labor Law.

54. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation.

55. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment.

56. Class actions provide class members who are not named in the complaint a degree of anonymity which allows for the vindication of their rights while eliminating or reducing these risks.

## CAUSES OF ACTION

### I.    VIOLATION OF N.Y. LAB. L. § 191.1(a)(1)
### FAILURE TO PAY WAGES TIMELY—BROUGHT ON BEHALF OF THE PLAINTIFF AND THE CLASS

57.    Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

58.    Section 191.1(a)(1) of the NYLL provides that "[a] manual worker shall be paid weekly and not later than seven calendar days after the end of the week in which the wages are earned."

59.    Further, "[u]nder NYLL, a plaintiff is to be paid the promised rate for every hour worked." *Meda v. Kogda*, No. 17-cv-06853 (LGS) (KNF), 2019 U.S. Dist. LEXIS 150694, at *11 (S.D.N.Y. Sep. 3, 2019) (citing N.Y. Lab. L. § 191)

60.    Li was not paid anything for the last two weeks of her employment.

61.    Section 198.1-a NYLL provides that "[i]n any action instituted in the courts upon a wage claim by an employee [] in which the employee prevails, the court shall allow such employee to recover the full amount of any underpayment, all reasonable attorney's fees, prejudgment interest as required under the civil practice law and rules, and, unless the employer proves a good faith basis to believe that its underpayment of wages was in compliance with the law, an additional amount as liquidated damages equal to one hundred percent of the total amount of the wages found to be due, except such liquidated damages may be up to three hundred percent of the total amount of the wages found to be due for a willful violation of section one hundred ninety-four of this article."

62.    Defendants knowingly, willfully, and maliciously disregarded the provisions of the NYLL by failing to pay Li her wages timely.

## II.     VIOLATION OF 29 U.S.C. § 206(a)
## FAILURE TO PAY MINIMUM WAGE—BROUGHT ON BEHALF OF THE PLAINTIFF

63.     Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

64.     Section 206(a) of the FLSA provides that "[e]very employer shall pay to each of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, wages at… $7.25 an hour, beginning 24 months after [the] 60th day [after May 25, 2007]."

65.     Li was not paid anything for two weeks out of her employment.

66.     Accordingly, Defendants paid Li less than the federal minimum wage for some weeks out of her employment.

67.     Section 216(b) of the FLSA provides that "[a]ny employer who violates the provisions of section 206… of this title shall be liable to the employee or employees affected in the amount of their unpaid minimum wages… and in an additional equal amount as liquidated damages," and further provides that "[t]he court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and the costs of the action."

68.     Defendants knowingly, willfully, and maliciously disregarded the provisions of the FLSA by failing to pay Li at least the minimum wage.

## III.     VIOLATION OF N.Y. LAB. L. § 652 AND 12 N.Y.C.R.R. § 142-2.1
## FAILURE TO PAY MINIMUM WAGE—BROUGHT ON BEHALF OF THE PLAINTIFF AND THE CLASS

69.     Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

70.     Section 652.1(a)(i) of the NYLL provides that "[e]very employer of eleven or more employees shall pay to each of its employees for each hour worked in the city of New York a wage of not less than… $15.00 per hour on and after December 31, 2018."

71.     Similarly, Section 142-2.1(a)(1)(i) of the Wage Order provides that "[t]he basic minimum hourly rate shall be, for each hour worked in New York City for large employers of eleven or more employees, $15.00 per hour on and after December 31, 2018."

72.     Li was not paid anything for two weeks out of her employment.

73.     Accordingly, Defendants paid Li less than the applicable New York minimum wage for some weeks out of her employment.

74.     Section 663.1 of the NYLL provides that "[i]f any employee is paid by his or her employer less than the wage to which he or she is entitled under the provisions of this article, he or she shall recover in a civil action the amount of any such underpayments, together with costs all reasonable attorney's fees, prejudgment interest as required under the civil practice law and rules, and unless the employer proves a good faith basis to believe that its underpayment of wages was in compliance with the law, an additional amount as liquidated damages equal to one hundred percent of the total of such underpayments found to be due. Any agreement between the employee, and the employer to work for less than such wage shall be no defense to such action."

75.     Defendants knowingly, willfully, and maliciously disregarded the provisions of the NYLL by failing to pay Li at least the minimum wage.

## IV.     VIOLATION OF 29 U.S.C. § 207(a)(1)
## FAILURE TO PAY OVERTIME—BROUGHT ON BEHALF OF THE PLAINTIFF AND THE COLLECTIVE

76.     Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

77.     Section 207(a)(1) of the FLSA provides that "[e]xcept as otherwise provided in this section, no employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed."

78.     Throughout her employment, Li was paid flat salaries that did not, despite appearances, include additional pay at time-and-a-half for overtime.

79.     Section 216(b) of the FLSA provides that "[a]ny employer who violates the provisions of… section 207 of this title shall be liable to the employee or employees affected in the amount of their… unpaid overtime compensation… and in an additional equal amount as liquidated damages," and further provides that "[t]he court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and the costs of the action."

80.     Defendants knowingly, willfully, and maliciously disregarded the provisions of the FLSA by failing to pay Li overtime.

## V.     VIOLATION OF 12 N.Y.C.R.R. § 142-2.2
## FAILURE TO PAY OVERTIME—BROUGHT ON BEHALF OF THE PLAINTIFF AND THE CLASS

81.     Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

82.     Section 659 of the NYLL authorizes the Commissioner of Labor to issue minimum wage orders, including the Wage Order.

83.     Section 142-2.2 of the Wage Order provides that "[a]n employer shall pay an employee for overtime at a wage rate of one and one-half times the employee's regular rate in the

GDass                              13                              Complaint

manner and methods provided in and subject to the exemptions of sections 7 and 13 of 29 U.S.C.

201 *et seq.*, the Fair Labor Standards Act of 1938, as amended, provided, however, that the

exemptions set forth in section 13(a)(2) and (4) shall not apply. In addition, an employer shall pay

employees subject to the exemptions of section 13 of the Fair Labor Standards Act, as amended,

except employees subject to section 13(a)(2) and (4) of such act, overtime at a wage rate of one

and one-half times the basic minimum hourly rate."

84.     Throughout her employment, Li was paid flat salaries that did not, despite

appearances, include additional pay at time-and-a-half for overtime.

85.     Section 663.1 of the NYLL provides that "[i]f any employee is paid by his or her

employer less than the wage to which he or she is entitled under the provisions of this article, he

or she shall recover in a civil action the amount of any such underpayments, together with costs

all reasonable attorney's fees, prejudgment interest as required under the civil practice law and

rules, and unless the employer proves a good faith basis to believe that its underpayment of wages

was in compliance with the law, an additional amount as liquidated damages equal to one hundred

percent of the total of such underpayments found to be due. Any agreement between the employee,

and the employer to work for less than such wage shall be no defense to such action."

86.     Defendants knowingly, willfully, and maliciously disregarded the provisions of the

NYLL by failing to pay Li overtime.

### VI.     VIOLATION OF 12 N.Y.C.R.R. § 142-2.4
### FAILURE TO PAY SPREAD OF TIME—BROUGHT ON BEHALF OF THE
### PLAINTIFF AND THE CLASS

87.     Plaintiff re-alleges and incorporates by reference all preceding paragraphs as

though fully set forth herein.

88.     Section 659 of the NYLL authorizes the Commissioner of Labor to issue minimum

wage orders, including the Wage Order.

GDass                                    14                                    Complaint

89.     Section 142-2.4 of the Wage Order provides that "[a]n employee shall receive one hour's pay at the basic minimum hourly wage rate, in addition to the minimum wage required in this Part for any day in which: (a) the spread of hours exceeds 10 hours; or (b) there is a split shift; or (c) both situations occur."

90.     Throughout her employment, Li was paid flat salaries that did not, despite appearances, include additional pay at the minimum wage rate for each day her spread of time exceeded ten (10) hours.

91.     Section 663.1 of the NYLL provides that "[i]f any employee is paid by his or her employer less than the wage to which he or she is entitled under the provisions of this article, he or she shall recover in a civil action the amount of any such underpayments, together with costs all reasonable attorney's fees, prejudgment interest as required under the civil practice law and rules, and unless the employer proves a good faith basis to believe that its underpayment of wages was in compliance with the law, an additional amount as liquidated damages equal to one hundred percent of the total of such underpayments found to be due. Any agreement between the employee, and the employer to work for less than such wage shall be no defense to such action."

92.     Defendants knowingly, willfully, and maliciously disregarded the provisions of the NYLL by failing to pay Li spread of time.

## VII.    VIOLATION OF NYLL § 195.1(a)
### FAILURE TO FURNISH WAGE NOTICE—BROUGHT ON BEHALF OF THE PLAINTIFF AND THE CLASS

93.     Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

94.     Section 195.1(a) of the NYLL provides that "[e]very employer shall provide his or her employees, in writing in English and in the language identified by each employee as the primary language of such employee, at the time of hiring, a notice containing the following

GDass                              15                              Complaint

information: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer in accordance with section one hundred ninety-one of this article; the name of the employer; any 'doing business as' names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; plus such other information as the commissioner deems material and necessary."

95.     Li was not provided a wage notice as provided by Section 195.1(a) of the NYLL within the first 10 business days of her employment or at any time thereafter.

96.     Section 198.1-b of the NYLL provides that "[i]f any employee is not provided within ten business days of his or her first day of employment a notice as required by subdivision one of section on hundred ninety-five of this article, he or she may recover in a civil action damages of fifty dollars for each work day that the violations occurred or continue to occur, but not to exceed a total of five thousand dollars, together with costs and reasonable attorney's fees. The court may also award other relief, including injunctive or declaratory relief, that the court in its discretion deems necessary and appropriate."

97.     Defendants knowingly, willfully and maliciously failed to provide Li a wage notice as provided by Section 195.1(a) of the NYLL within the first 10 business days of her employment or at any time thereafter.

### VIII.   VIOLATION OF NYLL § 195.3
### FAILURE TO FURNISH ACCURATE WAGE STATEMENTS—BROUGHT ON BEHALF OF THE PLAINTIFF AND THE CLASS

98.     Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

99.     Section 195.3 of the NYLL provides that "[e]very employer shall furnish each employee with a statement with every payment of wages, listing the following: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; and net wages. For all employees who are not exempt from overtime compensation as established in the commissioner's minimum wage orders or otherwise provided by New York state law or regulation, the statement shall include the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked[;] and the number of overtime hours worked."

100.    There is an implied requirement that the wage notices furnished on employees be accurate. *See*, *e.g.*, *Santiago v. Thong Sook Corp.*, No. 19-cv-05747 (AT), 2021 U.S. Dist. LEXIS 147003, at *15 (S.D.N.Y. Aug. 5, 2021).

101.    Li was not furnished an accurate wage statement with each payment of wages, but was instead furnished wage statements that failed to accurately set forth her time worked and that falsely set forth hourly pay rates when in reality she was paid on a salary basis, in an effort to conceal the latter fact.

102.    Defendants knowingly, willfully and maliciously failed to furnish Lin wage statements as provided by Section 195.3 of the NYLL with each payment of wages.

### **DEMAND FOR TRIAL BY JURY**

103.    Li demands a trial by jury on all matters so triable.

### **PRAYER FOR RELIEF**

WHEREFORE, Li, on behalf of herself and on behalf of the Collective, respectfully requests that this Court enter a judgment providing the following relief:

GDass                                        17                                        Complaint

A.      At the earliest practicable time giving notice of this collective action, or authorizing Plaintiff to give notice of this collective action, to all persons who are presently, or have up through the extent allowable under the statute of limitations and including the date of the notice's issuance, been employed by Defendants as non-exempt workers. Such notice shall inform such employees that this lawsuit has been filed, of the nature of this lawsuit, and of their right to join this lawsuit if they believe they were denied overtime pay;

B.      A declaratory judgment that the practices complained of herein are unlawful under FLSA and NYLL;

C.      An injunction against Corporate Defendant, its owners, officers, agents, successors, employees, representatives, and any and all persons acting in concert with them as provided by law, including but not limited to the Individual Defendants, from engaging in each of the unlawful practices and policies set forth herein;

D.      An award of unpaid wages, and liquidated damages equal to unpaid wages, due to Plaintiff and the Class under NYLL;

E.      An award of unpaid minimum wages, and liquidated damages equal to unpaid minimum wages, due to Plaintiff and any opt-ins under FLSA;

F.      An award of unpaid minimum wages, and liquidated damages equal to unpaid minimum wages, due to Plaintiff and the Class under NYLL and the Wage Order;

G.      An award of unpaid overtime, and liquidated damages equal to unpaid overtime, due to Plaintiff and any opt-ins under FLSA;

H.      An award of unpaid overtime, and liquidated damages equal to unpaid overtime, due to Plaintiff and the Class under NYLL and the Wage Order;

GDass

18

Complaint

I.      An award of unpaid spread-of-time, and liquidated damages equal to unpaid spread-of-time, due to Plaintiff and the Class under the NYLL and the Wage Order;

J.      An award of up to $5,000.00 per Plaintiff and per Class member as a penalty for failure to furnish Plaintiff and the Class members with a wage notice at time of hire or thereafter;

K.      An award of up to $5,000.00 per Plaintiff and per Class member as a penalty for failure to furnish Plaintiff and the Class members with accurate wage statements with each payment of wages;

L.      An award of prejudgment interest at a rate of 9 percent *per annum* pursuant to Section 5004 of the New York Civil Practice Law and Rules;

M.      An award of reasonable attorneys' fees and costs;

N.      An Order that, to the extent that any amounts remain unpaid upon the expiration of 90 days following the issuance of judgment, or 90 days after expiration of the time to appeal, no appeal then being pending, whichever is later, the total amount of judgment shall automatically increase by 15 percent, as required by Section 198, Paragraph 4 of the NYLL; and

O.      Any such other and further legal or equitable relief as the Court may deem necessary, just, and proper.

Dated: Flushing, NY
       January 6, 2022

TROY LAW, PLLC
*Attorneys for Plaintiff and proposed FLSA Collective*

*/s/ John Troy*
John Troy
Aaron B. Schweitzer
Tiffany Troy
41-25 Kissena Boulevard
Suite 103
Flushing, NY 11355
(718) 762-1324
troylaw@troypllc.com

*Attorneys for Plaintiff, proposed Collective, and proposed Class*

GDass                                    20                                    Complaint

## NOTICE OF INTENTION TO ENFORCE SHAREHOLDER LIABILITY FOR SERVICES RENDERED

TO:     MARK MOSKOWITZ, ETHAN MOSKOWITZ, and ERIKA TOLEDO

**PLEASE TAKE NOTICE**, that pursuant to the provisions of Section 630 of the Business Corporation Law of New York and Section 609 of the Limited Liability Company Law of New York, you are hereby notified that Plaintiff LI YAOXIAO and others similarly situated intend to charge you and hold you personally liable, jointly and severally, as one of the ten largest shareholders and/or members of:

REGENCY HEALTH CARE INC d/b/a Regency Healthcare Inc. d/b/a The Regency of Boro Park L.H.C.S.A.

for all debts, wages, and/or salaries due and owing to them as laborers, servants and/or employees of the said corporations for services performed by them for the said corporations within the six (6) years preceding the date of this notice and have expressly authorized the undersigned, as their attorney, to make this demand on her behalf.

Dated: December 30, 2021
       Flushing, NY

TROY LAW, PLLC
*Attorneys for Plaintiff, the proposed FLSA Collective, and Potential Rule 23 Class*

 /s/ John Troy
John Troy (JT0481)
Aaron Schweitzer (AS 6369)
Tiffany Troy (Bar ID 5881735)
41-25 Kissena Boulevard Suite 103
Flushing, NY 11355
Tel: (718) 762-1324
Email: johntroy@troypllc.com

## DEMAND BY EMPLOYEES TO INSPECT SHARE RECORDS AND MINUTES PURSUANT TO SECTION 624 OF THE NEW YORK STATE BUSINESS CORPORATION LAW

TO:

REGENCY HEALTH CARE INC d/b/a Regency Healthcare Inc. d/b/a The Regency of Boro Park L.H.C.S.A.

**PLEASE TAKE NOTICE**, that Plaintiff LI YAOXIAO and others similarly situated as employees of the above corporations who intend to demand, pursuant to the provisions of Section 630 of the Business Corporation Law of New York, and Section 609 of the Limited Liability Company Law of New York, payment of debts, wages and/or salaries due and owing to them as laborers, servants and/or employees of the above corporations for services performed by them for the above corporations within the six (6) years preceding the date of this notice from the ten largest shareholders of the above corporations, and who have expressly authorized the undersigned, as their attorney, to make this demand on their behalf.

**PLAINTIFF HEREBY DEMANDS** the right to examine, in person or by agent or attorney, during usual business hours, the minutes of the proceedings of the shareholders and records of shareholders of the above corporations and to make extracts therefrom on or after five (5) days from receipt of this notice.

Dated: December 30, 2021
Flushing, NY

TROY LAW, PLLC
*Attorneys for Plaintiff, the proposed FLSA*
*Collective, and Potential Rule 23 Class*

_____/John Troy/_____
John Troy (JT0481)
Aaron Schweitzer (AS 6369)
Tiffany Troy (Bar ID 5881735)
41-25 Kissena Boulevard Suite 103
Flushing, NY 11355
Tel: (718) 762-1324
Email: johntroy@troypllc.com

## DOCUMENT PRESERVATION DEMAND

     Plaintiff(s) hereby demands that defendant take affirmative steps to preserve all recordings, data, documents, and all other tangible things that relate to plaintiff, the events described herein, any third party associated with any telephone call, campaign, account, sale or file associated with plaintiff, and any account or number or symbol relating to them. These materials are likely very relevant to the litigation of this claim. If defendant is aware of any third party that has possession, custody, or control of any such materials, plaintiff demands that defendant request that such third party also take steps to preserve the materials. This demand shall not narrow the scope of any independent document preservation duties of the defendant.


                                /s/ John Troy
                                John Troy
                                TROY LAW, PLLC
                                41-25 Kissena Boulevard, Suite 103
                                Flushing, NY 11355
                                Tel: (718) 762-1324
                                Email: johntroy@troypllc.com

## NOTICE OF LIEN AND ASSIGNMENT

Please be advised that we claim a lien upon any recovery herein for ONE THIRD (1/3) or such amount as a court awards. All rights relating to attorney's fees have been assigned to counsel.


 /s/ John Troy
John Troy
TROY LAW, PLLC
41-25 Kissena Boulevard, Suite 103
Flushing, NY 11355
Tel: (718) 762-1324
Email: johntroy@troypllc.com



Under the FLSA and NYLL, taking **<u>adverse actions</u>** (firing and demoting, stalking and harassing) against **Plaintiff(s)** in retaliation for having brought this Complaint is **<u>ILLEGAL</u>** and **<u>PUNISHABLE BY LAW.</u>**

# <u>Consult your attorney.</u>

# Settlement under the table is <u>prohibited</u> by the law.



## Once a wage-and-hour case is filed in the federal district court, any settlement must be reviewed by the Court and approved as fair and reasonable by the Judge under *Cheeks v. Pancake House, Inc.*

# <u>Consult your attorney.</u>